UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| JAMES P. LOVE | ) | |
| | ) | |
| v. | ) | NO. 3:05-CV-253 |
| | ) | |
| JO ANNE B. BARNHARDT, | ) | |
| Commissioner of Social Security | ) | |

### MEMORANDUM OPINION

The plaintiff James P. Love has filed a motion for summary judgment on his complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt denying his application for disability insurance benefits and supplemental security income under the Social Security Act. The defendant also has filed a motion for summary judgment.

Mr. Love was born in 1967 and was 37 years old at the time of his administrative hearing. [Tr. 44]. He graduated high school and has past work experience as a heavy wheel mechanic with the Army National Guard, construction laborer, and general laborer. [Tr. 16]. Mr. Love was awarded disability benefits in February 1994. [Tr. 16, 40]. His disability benefits were terminated on July 1, 2001, however, because it was determined he was able to perform work again. [Tr. 16]. Mr. Love alleges he remained disabled on July 1, 2001, from hypertension, schizophrenia, and back and ankle disorders. [Tr. 16]. Based upon a finding that his severe impairments were not severe enough, the Administrative Law Judge [ALJ] found that Mr. Love was no longer disabled as defined by the Social Security Act.

[Tr. 18].

At Mr. Love's administrative hearing held on June 2, 2004, the testimony of Mr. Love and vocational expert Jane Hall was received into evidence. [Tr. 44-69]. Mr. Love testified that his chronic ankle pain, stress-related panic schizophrenia, depression, and high blood pressure prevented him from working. [Tr. 44]. He was involved in the National Guard but was discharged because of the medications he was taking and the instability of his ankles. [Tr. 56]. Before the discharge, Mr. Love's job title was heavy wheel mechanic. [Tr. 58].

Vocational expert Ms. Jane Hall testified next. [Tr. 64-67]. She classified Mr. Love's past relevant work as more of a mechanic's helper than an actual mechanic. [Tr. 66]. As such, the work was considered low level semi-skilled and heavy. [*Id*.].

The ALJ ruled that Mr. Love was not disabled because his severe impairments of morbid obesity, residuals of bilateral ankle surgeries, and depressive, anxiety, and antisocial personality disorders were not severe enough for a continued finding of disability. [Tr. 18]. The ALJ then found Mr. Love retained the residual functional capacity [RFC] to perform a range of medium exertion work that does not require the use of a ladder or rope or scaffold climbing. [Tr. 20]. With those limitations, Mr. Love could perform his past relevant work. [Tr. 21].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401

(1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Mr. Love requests summary judgment and challenges the ALJ's RFC finding. According to the ALJ, Mr. Love retained the RFC to perform:

> a range of medium exertion, provided he perform no ladder, rope, or scaffold climbing, and no more than occasional other postural activities, to accommodate his obesity, ankle disorders, and chronic pain. He is also limited by mental impairments to performing only unskilled to low-level semi-skilled jobs that require no frequent contact with the general public. [Tr. 20].

Mr. Love specifically complains that the ALJ disregarded the opinion of consultative examiner Dr. Joseph L. Johnson. According to Dr. Johnson, Mr. Love could lift 25 pounds occasionally and 15 pounds routinely, stand/walk for three hours of an eight-hour workday, and sit for six hours out of an eight-hour workday. [Tr. 275]. Such findings are less than what is needed to perform medium exertion work.[1]

According to the ALJ, Dr. Johnson's opinion was "not supported by sufficient, corroborative clinical findings." [Tr. 19]. The ALJ noted that in November 2002, Dr. George Bounds examined Mr. Love and found that he could occasionally lift/carry 50

---

[1] Medium work is defined "as lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." Social Security Ruling 83-10.

pounds, frequently lift/carry 25 pounds, and stand/walk/sit for six hours out of an eight-hour workday. [Tr. 277]. Mr. Love, however, could only occasionally climb ramps and stairs and could never climb ladders, ropes, or scaffolds. [Tr. 278]. In addition, the ALJ indicated the medical records of Mr. Love's treating physician evidenced that in January 2002, August 2002, October 2003, and April 2004 that Mr. Love was "doing well, notwithstanding his chronic pain." [Tr. 19]. Finally, the ALJ mentioned that none of Mr. Love's other physicians recommended more extreme limitations than those proposed by Dr. Bounds. Based on the above findings of Dr. Bounds and Mr. Love's treating physician and the lack of findings of other physicians, the ALJ's decision concerning the opinion of Dr. Johnson was made with substantial medical evidence.

Mr. Love also claims the ALJ's finding that he could return to his past relevant work as a general laborer at a textile or fur factory was not supported by substantial evidence. Mr. Love contends that his job as he performed it included lifting and carrying more than 50 pounds, which is more than allowed by medium work. As noted by the vocational expert, however, Mr. Love's past relevant work as a general laborer is classified by the *Dictionary of Occupational Titles* [*DOT*] as medium work. [Tr. 140-41]. The measure of whether a claimant can return to his past relevant work is not whether he can perform the same exact position but, rather, whether he can perform the position as it is generally performed in the national economy. *Smith v. Sec. of Hlth. & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989). Since the *DOT* indicates Mr. Love's past relevant work was at the medium exertion level, the ALJ's finding that he could return to that work was not made erroneously or in error and

4

was made with substantial evidence.

After careful consideration of the entire record of proceedings related to this case, Mr. Love's motion for summary judgment on the pleadings will be denied, the defendant's motion for summary judgment [Doc. 22] will be granted, and this action will be dismissed.

An appropriate order will follow.

ENTER:

    s/Thomas Gray Hull
THOMAS GRAY HULL
  SENIOR U. S. DISTRICT JUDGE